UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE A. AUGIER,<br><br>       Plaintiff,<br><br>v.<br><br>CRAIG BENJAMIN KIRBY,<br><br>       Defendant. | Case No. 22-cv-12315<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE (ECF NO. 8)**

### I. Introduction & Background

Plaintiff Andre A. Augier, a Michigan citizen, alleges that he loaned funds to Defendant Craig Benjamin Kirby, a citizen of Washington, D.C., under an agreement stating that the loan would become payable at Augier's option. ECF No. 3, PageID.20-21, 26. Augier claims that he repeatedly requested repayment of the loan but that Kirby has made no payment. *Id.*, PageID.21. The complaint advances claims for breach of contract, account stated, and conversion. *Id.*, PageID.21-23.

Kirby seeks dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). ECF No. 8. Kirby also challenges venue

and seeks dismissal or transfer to the District of Columbia under Rule 12(b)(3) and 28 U.S.C. § 1406(a).[1]  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 18.  The Court **RECOMMENDS** that Kirby's motion be **DENIED**.

II.   Analysis

A.

Upon the filing of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction over the defendant.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).  "[T]he plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The court has the discretion to decide the motion on the affidavits, to permit discovery to aid resolution of the motion, or to conduct an evidentiary hearing.  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012).

---

[1] Although the motion's title and introduction request transfer under 28 U.S.C. § 1404(a) (for the parties' convenience), the analysis only discusses transfer under § 1406(a) (for improper venue).  *See* ECF No. 8, PageID.69-71.  Thus, the Court only addresses the latter.

Because the parties do not dispute the facts relevant to personal jurisdiction, the Court selects the first option and decides the motion on the briefs. When a court relies only on the written submissions and affidavits "rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is relatively slight, and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (cleaned up). The pleadings and affidavits must be viewed in a light most favorable to the plaintiff, and the court should not weigh any conflicting assertions by the party moving to dismiss. *Id.*

Viewing the evidence in a light most favorable to Augier, the Court finds that it has personal jurisdiction over Kirby.

**B.**

In a diversity case, a federal court may not exercise jurisdiction over a nonresident defendant unless doing so is authorized under both state law and the Due Process Clause. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 506 (6th Cir. 2020) (cleaned up). Generally, "when a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court need only determine whether the

3

assertion of personal jurisdiction violates constitutional due process." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (cleaned up). Although Michigan's long-arm statute "extend[s] to the boundaries of the fourteenth amendment," the Sixth Circuit has cautioned that the analysis is not co-extensive "in all instances." *Theunissen*, 935 F.2d at 1462; *Sullivan v. LG Chem., Ltd.*, 585 F. Supp. 3d 992, 1007 (E.D. Mich. 2022). Erring on the side of caution, the Court considers the requirement of both the long-arm statute and due process.

Personal jurisdiction may be general or specific. *Sullivan*, 585 F. Supp. 3d at 1000. General jurisdiction exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera*, 428 F.3d at 615. And specific jurisdiction exists when "claims in the case arise from or are related to the defendant's contacts with the forum state." *Id.* Augier contends that the Court has both general and specific jurisdiction over Kirby. The Court evaluates both arguments in turn.

### 1.

Under Michigan's long-arm statute, a court has general jurisdiction over a person who is domiciled or physically present in Michigan at the time

process is served or who consents to personal jurisdiction.  Mich. Comp. Laws § 600.701.  These are the "only three ways to establish general personal jurisdiction over a non-resident defendant."  *Unistrut Corp. v. Baldwin*, 815 F. Supp. 1025, 1027 (E.D. Mich. 1993).

Augier does not claim that Kirby was domiciled or physically present in Michigan when served.  Instead, he contends that Kirby consented to jurisdiction in Michigan under a forum-selection clause in the loan agreement.  ECF No. 13, PageID.92-93.  Augier is correct that parties may waive any objection to personal jurisdiction when they consent to a forum-selection clause granting jurisdiction to a particular court.  *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).  But the bare-bones loan agreement contains no forum-selection clause.  *See* ECF No. 3, PageID.26.  And Kirby asserts that he does not consent to personal jurisdiction.  ECF No. 9, PageID.66.  Thus, Augier fails to show that the Court has general jurisdiction over Kirby under the long-arm statute.

**2.**

The long-arm statute provides for specific jurisdiction over an individual if he "transacted any business within the state" or if he "did or caused an act to be done, or consequences to occur, in the state resulting

5

in an action for tort," and the lawsuit arises from those actions. Mich. Comp. Laws § 600.705(1)-(2) (cleaned up). The "transaction of any business" is broad and encompasses even "the slightest act of business in Michigan." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888, 892 (6th Cir. 2002). Securing a loan from a Michigan resident constitutes transacting business in Michigan. *See Flagstar Bank, FSB v. Woudenberg*, No. 09-13437, 2010 WL 1027860, at *4 (E.D. Mich. Mar. 17, 2010). And this case arises from the nonpayment of that loan. Thus, specific jurisdiction exists under the long-arm statute.

The Court must also evaluate three elements to determine whether specific jurisdiction aligns with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera*, 428 F.3d at 615 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)) (cleaned up).

The purposeful availment element is "essential" to a finding of specific jurisdiction. *Id.* at 616. It is met when "the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that

6

create a substantial connection with the forum State." *Neogen*, 282 F.3d at 889 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)) (cleaned up).  This element ensures "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Id.* (cleaned up).  The purposeful availment requirement is not met when the plaintiff initiated the contact between the parties.  *Air Prods.*, 503 F.3d at 552 ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum." (cleaned up)).  But defendants who "reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. at 473 (cleaned up).

Forming a contract with or borrowing money from a Michigan resident, standing alone, are not enough to show purposeful availment.

> Simply entering into a contract with a party in a state may be insufficient to establish jurisdiction over the defendant.  The law is clear that the mere fact that an out-of-state entity contracts with an in-state entity and undertakes communication related to that contract does not constitute purposeful availment of the forum state for an action related to breach of that contract.  Instead, *prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated* in

> determining whether the defendant purposefully established minimum contacts within the forum.

*Heidenbreicht v. Nevilog, Inc.*, 700 F. Supp. 2d 820, 826 (E.D. Mich. 2010) (cleaned up, emphasis added); *see also Air Prods.*, 503 F.3d at 553 n.2 ("This is not to say that the mere existence of a debtor-creditor relationship renders a debtor subject to personal jurisdiction in the creditor's forum state for any claim related to that debt." (cleaned up)).

Augier stated that he met Kirby 38 years ago when Kirby attended college in Michigan and that he has never met with Kirby outside of Michigan. ECF No. 13, PageID.102. Kirby contacted Augier in Michigan and "exhaustively" solicited the loan at issue, which was "intended to be short-term, meaning weeks at most, for repayment." *Id.* Kirby drafted the loan agreement and sent it to Augier for review in Michigan. *Id.* Augier signed the agreement in November 2018, and Kirby signed it three days later. ECF No. 3, PageID.27. Augier then wired $133,014.00 from his bank account to Kirby. *Id.*, PageID.29; ECF No. 13, PageID.102. Kirby does not dispute these allegations but asserted that the loan was for the payment of property located in D.C. and that he was in D.C. during all

8

negotiations and when he signed the loan agreement.  ECF No. 8, PageID.67-68.[2]

These facts show that Kirby purposefully availed himself of acting in Michigan.  He reached out to Augier in Michigan to solicit a loan and sent the proposed agreement for Augier to review in this state.  Kirby received the funds via wire transfer from Augier's bank in Michigan and had to send repayment to Michigan at Augier's demand.  Although the loan was meant to be short-term, Kirby's alleged failure to repay it has resulted in a continuing debtor-creditor relationship for nearly five years.

This case is like *Flagstar Bank*, in which the defendants applied for and obtained a loan from a Michigan bank.  2010 WL 1027860, at *4.  The loan was to be repaid over 12 years, and the promissory note stated that the bank was in Michigan, payments were to be sent to Michigan, and the note was governed by federal and Michigan law.  *Id.*  Noting the loan's substantial connection to Michigan and that the relationship between the parties was to be long lasting, the court found that the defendants purposefully availed themselves of acting in Michigan.  *Id.*  Although Kirby

---

[2] Kirby makes these assertions in his motion and cites his declaration, which is not attached as an exhibit.  Although Kirby has failed to offer evidentiary support for his statements, specific jurisdiction exists even if the Court considers them.

emphasizes that he remained in D.C. at all relevant times, "the Supreme Court has consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Air Prods.*, 503 F.3d at 551. The facts show that Kirby "reached out" to Michigan and formed contacts sufficient to show purposeful availment.

The second element of specific jurisdiction concerns whether Kirby's contacts with Michigan "relate to the operative facts of this controversy." *Sullivan*, 585 F. Supp. 3d at 1004 (cleaned up). This is a "lenient standard" and is "satisfied when the cause of action is at least marginally related to the alleged contacts between the defendant and the forum." *Id.* (cleaned up). This element is met. Kirby's contact with Michigan in obtaining the loan relates to this suit about Kirby's alleged failure to repay that loan.

The last element ensures that exercising personal jurisdiction is reasonable, meaning that "it would comport with traditional notions of fair play and substantial justice." *Id.* at 1006 (cleaned up). If the first two elements of specific jurisdiction are met, "an inference of reasonableness arises and only the unusual case will not meet this third criteria." *Air. Prods.*, 502 F.3d at 554 (cleaned up). Three factors are relevant to the reasonableness inquiry: "(1) the plaintiff's interest in obtaining relief; (2) the interests of the forum State; and (3) the burden on the defendant." *Id.*

(quoting *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 508 (6th Cir. 2014)) (cleaned up).

All three factors are met. Augier has a strong interest in recovering the funds he loaned to Kirby, and Michigan has an interest in providing a forum for residents who are injured by a nonresident's actions in the state. Kirby contends that he would suffer financial hardship if he had to travel to Michigan to litigate the case. ECF No. 8, PageID.68. But "when minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (cleaned up). Even so, Kirby may submit his filings by mail and may request that any hearings take place virtually. The bulk of discovery can likely take place virtually too. Thus, travel costs are likely to be minimal. Kirby also argues that Augier will have to domesticate any judgment in a D.C. court anyway. ECF No. 8, PageID.69. But that process is not burdensome and does not support a finding that specific jurisdiction is improper. *See* 28 U.S.C. § 1963 (a judgment from a federal district court is enforceable in another district if it is registered).

Because all three elements of specific jurisdiction are met, the Court may exercise personal jurisdiction over Kirby.

## C.

Kirby seeks dismissal or transfer of the case for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406(a).  Although there is uncertainty about who bears the burden of proof when venue is challenged under Rule 12(b)(3), many recent decisions place the burden on the plaintiff.  *See, e.g.*, *Knope v. Mich. State Nurses Assoc. of Am. Nurses Assoc.*, No. 19-13257, 2020 WL 4934319, at *1 (E.D. Mich. Aug. 24, 2020); *Meng Huang v. Ohio State Univ.*, No. 18-12727, 2019 WL 2120968, at *2 (E.D. Mich. May 14, 2019); *but see Conceivex, Inc. v. Rinovum Women's Health, Inc.*, No. 16-11810, 2017 WL 3484499, at *5 n.3 (E.D. Mich. Aug. 15, 2017).  "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).

If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The choice between dismissing or transferring an action filed in the improper venue lies within the discretion of the court.  *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).  Under 28 U.S.C. § 1391(b):

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue can exist in more than one forum. *Audi AG*, 204 F. Supp. 2d at 1022. And "[t]he statute requires only that a substantial part of the events or omissions transpires in the district, but it does not require a party to weigh which of several districts possesses the most substantial part." *Id.*

Kirby argues that venue is improper because the case has a substantial connection to D.C., as he negotiated and signed the loan agreement while he was in D.C., never visited Michigan during or after the negotiations, and used the loan proceeds for property located in D.C. ECF No. 8, PageID.70-71. But even if most of the events giving rise to the action occurred in D.C., venue is still proper if there is also a substantial connection to Michigan.

Courts consider several factors to determine whether a breach-of-contract case has a substantial connection to the forum state: "(1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred." *Sygnetics, Inc. v.*

13

*Hops Int'l, Inc.*, No. 12-cv-14328, 2013 WL 1395806, at *3 (E.D. Mich. Apr. 5, 2013). Courts also consider "where the effects of a defendant's alleged breach of contract are experienced." *Id.* As determined above, the case has a substantial connection to Michigan. Kirby solicited the loan from Augier in Michigan; Augier performed the agreement in Michigan when his bank wired the funds to Kirby; and Kirby was to perform by wiring repayment to Michigan. And the effect of Kirby's alleged failure to pay has been experienced in Michigan. Thus, venue is proper in this Court.

### III.  Conclusion

The Court thus **RECOMMENDS** that Kirby's motion to dismiss or transfer venue be **DENIED** (ECF No. 8).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 22, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.* And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
